1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-10-70047 LB |
|---|---|---|
| Plaintiff, | ) | [PROPOSED] ORDER DETAINING DEFENDANT PENDING TRIAL, EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT, AND WAIVING TIME FOR PRELIMINARY HEARING |
| v. | ) | |
| JESSE JAMES REDONDO, | ) | |
| Defendant. | ) | Date: February 1, 2010<br>Time: 10:00 a.m.<br>Court: Hon. Laurel Beeler |

## I.  DETENTION ORDER

Defendant Jesse James Redondo is charged in a criminal complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On January 27, 2010, the United States moved for defendant's detention pursuant to 18 U.S.C. 3142(f)(1)(C) (because the crime involved a Title 21 offense for which the maximum sentence is 10 years' imprisonment or more) and (f)(2)(A) (because there is a serious risk defendant will flee), and subsequently asked for a detention hearing in three days, as permitted by section 3142(f). Following a hearing under 18 U.S.C. § 3142(f), and considering the parties' proffer, the bail study, and the factors set forth in section 3142(g), the Court finds clear and convincing evidence

[PROPOSED] ORDER RE: DETENTION, TIME EXCLUSION, AND PRELIM. HRG.
CR-10-70047 LB                         1

that Defendant is a danger to the community and a preponderance of the evidence that he is a serious risk of flight and that no condition or combination of conditions in section 3142(c) will reasonably assure his appearance in this case or the safety of any other person or the community. *See* 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

As alleged in the affidavit in support of the criminal complaint, Defendant's offense involves, among other things, the possession of a large amount of methamphetamine hidden in various places (some of which was pre-packaged, sorted, and labeled for suspected sales) in his bedroom, multiple firearms (including a High Standard, Model HSA-15, semi-automatic assault rifle with serial number RES01577, a Smith & Wesson, .38 caliber revolver with serial number J568411, and a Beretta .32 caliber semi-automatic pistol with serial number 828256), assorted ammunition, firearm silencer replicas, a police scanner, multiple narcotics scales, narcotics packaging material, multiple cell phones, and over $10,000 in cash representing suspected narcotics proceeds, all seized from Defendant's residence.

Defendant's conduct during his arrest on this charge is also relevant to this Court. According the United States, when law enforcement attempted to arrest Defendant at his residence, he fled from his residence and ran into an neighboring residential garage. When law enforcement entered the garage, they saw Defendant hiding inside a couch. Defendant was non-compliant with law enforcement orders to get off the couch and put his hands behind his back. When law enforcement attempted to forcibly place Defendant's hands behind his back, Defendant physically resisted and a struggle ensued. It was not until multiple officers arrived that law enforcement was able to take Defendant into custody.

Additionally, as set forth in Pretrial Service's bail study, Defendant has a serious criminal history that includes multiple convictions for narcotics-related offenses among other convictions that include access device fraud/forgery, theft, and driving without a license. Defendant has also failed to appear on multiple occasions in prior state matters. Collectively, this record convincingly establishes that Defendant is a danger to the community and a flight risk; and that he will be unable to comply with any conditions that the Court might set.

1  Defendant's counsel made a limited proffer, noting that Defendant did not agree with the
2  United States' proffer regarding his physical resistance during the arrest.  However, that proffer
3  does not alter the Court's conclusion that Defendant is a serious flight risk and a danger to the
4  community.
5  Defendant did not request a full bail study at this time, such as an interview by Pretrial
6  Services.  *See 18* U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with
7  the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and
8  present information by proffer or otherwise).  Defendant expressly retained his right to raise any
9  additional relevant information at a later hearing.

## II.  SPEEDY TRIAL ACT

11  At the hearing, at the request of the government and with the agreement of defense
12  counsel, the Court excluded time under the Speedy Trial Act, 18 U.S.C. § 3161, from February
13  1, 2010, to February 25, 2010, to enable the defense to review discovery produced by the United
14  States.  The Court found that (A) failure to grant the requested continuance would unreasonably
15  deny defense counsel reasonable time necessary for effective preparation, taking into account the
16  exercise of due diligence, and (B) the ends of justice served by excluding the period from
17  February 1, 2010, to February 25, 2010, outweigh the best interest of the public and the
18  defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

## III. PRELIMINARY HEARING

20  Also at the hearing, Defendant agreed to waive the time under which the Court must hold
21  a preliminary hearing, pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure.
22  Defendant's counsel explained that the United States had made an informal plea offer that may
23  result in Defendant agreeing to waive indictment and that in order to evaluate that informal offer,
24  she would need additional time beyond the 15 days otherwise provided for in the Rules of
25  Criminal Procedure.  Accordingly, the Court found that Defendant knowingly and intelligently
26  waived time under Rule 5.1(c) until February 25, 2010.

## IV.  CONCLUSION

28  Time is excluded under the Speedy Trial Act between February 1, 2010 and February 25,

1  2010.

2  The Court detains Defendant as a danger to the community and as a serious flight risk.
3  Because Defendant waived his right to present information under 3142(f) without prejudice to
4  raising any relevant information at a later hearing, the Court orders that the hearing may be
5  reopened at Defendant's request at any future time.

6  The Court is committed to the custody of the Attorney General or a designated
7  representative for confinement in a corrections facility separate, to the extent practicable, from
8  persons awaiting or serving sentences or held in custody pending appeal.  *See* 18 U.S.C. §
9  3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with
10 counsel.  *See id.* § 3142(i)(3).  On order of a court of the United States or on request of an
11 attorney for the government, the person in charge of the corrections facility must deliver the
12 defendant to the United States Marshal for a court appearance.  *See id.* § 3142(i)(4).

13 IT IS SO ORDERED

15 DATED: February 2, 2010                    /s/ Laurel Beeler
                                              LAUREL BEELER
16                                            United States Magistrate Judge

[PROPOSED] ORDER RE: DETENTION, TIME EXCLUSION, AND PRELIM. HRG.
CR-10-70047 LB                              4